Baldwin, J.
delivered the opinion of the Court.
The Court is of opinion, that by the 31st section of the general election law, (1 Rev. Code, p. 163,) it was the intention of the Legislature not to exempt and privilege members of the General Assembly, during the period therein prescribed, from the issuing of process against them ; but for that period to exempt and privilege them from the service or levy of such process upon their persons, servants and estates; and, where such process had been commenced before the commencement of such privilege, to suspend, without abatement or discontinuance, all further proceedings thereupon during the term of such exemption and privilege. A construction of the statute which would prohibit the institution as well as the service or levy of the process, would afford no important protection to members of the Legislature; and might, under circumstances, prove injurious to others, by defeating altogether the recovery of their demands.
*241 If however the privilege conferred by the statute be violated, the exercise by the party of his right to claim redress is not limited to the period during which the . privilege exists. Thus if a member be arrested and imprisoned, or an execution levied upon his property during his attendance upon the Legislature, or within the time allowed for his going to or returning therefrom, he may obtain the release of his person or property, at a subsequent period, by the order of the proper Court, on motion or other proper proceeding. So, if upon process pending against him at the commencement of his privilege, or instituted during its continuance, the proceedings be not suspended, but prosecuted without his consent, he has a right, though after the termination of the privilege, to have them set aside as irregular and illegal. But, in either case, he may lose the advantage of his privilege, by not asserting it in due time, or in a proper manner.
In the present case, it appears that the defendant in the action was privileged as a member of the Legislature, at the time of the issuing of the writ, and the service thereof upon him, and continued so privileged until after the office judgment was rendered, but not at the next ensuing term, when he moved the Court to correct the proceedings in the office, and remand the cause to the rules.
It cannot be doubted that the arrest or service of the process, and the consequent proceedings in the office, were illegal; and that the defendant had a right to object to them as a violation of his privilege ; and the only question is, whether he has done so at a proper time and in a proper manner.
The defendant could at no time have pleaded his privilege in abatement of the writ, because the protection given by the statute is not against being sued, but against being arrested or served with process. He was not in actual custody, bail not having been required, and of *242 course a motion to discharge him from confinement would not have been appropriate. He had no defence either in bar or abatement of the action ; and if he had pleaded his privilege at the rules, the substance of his P^ea would have been a mere objection to the regularity of the proceedings there: to wit, that he had been unlawfully arrested, and that the clerk could not lawfully make that arrest the foundation of an office judgment. Nor was it competent for the clerk to vacate the service of the writ, and award new process in the action. But the Court had full power over the whole subject, being authorized by the 77th section of the act regulating proceedings in civil suits, 1 Rev. Code, p. 508, to control and correct, on motion, all proceedings in the office during the preceding vacation, and make any proper order concerning the same: and the Court erred in refusing to exercise that power, as stated in the bill of exceptions.
It is therefore considered by the Court, that the judgment of the Circuit Court is erroneous, and that the same be reversed and annulled; and that the plaintiff in error recover against the defendants in error his costs by him expended in the prosecution of his writ of .error and supersedeas here. And this Court proceeding to render such judgment as the Circuit Court ought to have rendered, it is further considered, that the proceedings in the office subsequent to the issuing of the process be set aside, and the service of the writ vacated and annulled ; and the cause is remanded to the rules, with directions to the clerk to issue new process in like manner as if the former writ had never been executed, and thereafter to proceed de novo in such manner as the law directs.